# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-182- |
| | § | ALM-CAN; NO. 4:21-CR-183-ALM-CAN |
| DANIEL ALLYN (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Daniel Allyn's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 29, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Colleen Bloss.

Defendant was sentenced on December 4, 2015, before The Honorable Sidney A. Fitzwater of the Northern District of Texas after pleading guilty to the offense of Bank Robbery in each of the above noted cases, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. Defendant was subsequently sentenced to 52 months imprisonment on each Count ordered to run concurrently, followed by concurrent 2 year terms of supervised release on each Count subject to the standard conditions of release, plus special conditions to include mandatory victim restitution, drug aftercare, mental health treatment, financial disclosure, and a $200 special assessment. On December 17, 2020, Defendant completed his period of imprisonment and began service of the supervision term. On June 29, 2021, this case was transferred from the Northern District of Texas to the Eastern District of Texas and assigned to The Honorable Amos L. Mazzant, III, United States District Judge.

On July 12, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed].  The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.  The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after the completion of treatment.  The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month; (3) The defendant shall refrain from any unlawful use of a controlled substance; (4) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (5) The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.  The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after the completion of treatment.  The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month [Dkt. 2 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On May 5, 2021, Defendant presented himself at the U.S. Probation Office in Plano, Texas, for random drug testing. During collection of his specimen, Defendant soiled his pants and subsequently admitted he was wearing a device used to alter his urinalysis results.  Defendant admitted he was trying to falsify his urine specimen because he knew that he was positive for illegal substances.  Falsification of a drug test is a violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor.  No

formal charges have been filed in this matter; (3) (4) On May 5, 2021, Defendant submitted a urine specimen that tested positive for marijuana, cocaine, and amphetamine. A lab report provided by Alere Toxicology confirmed the positive results for cocaine, but the quantity was insufficient for an analysis for marijuana and amphetamine. On May 18, 2021, Defendant submitted a urine specimen that was positive for marijuana. The marijuana results were verified by a lab report provided by Alere Toxicology. On June 24, 2021, Defendant submitted a urine sample for random screening and tested positive for cocaine. This result was verified by a lab report provided by Alere Toxicology; and (5) On December 20, 2020, Defendant was instructed to call a notification line every day as part of our office's random drug testing program. Defendant failed to call the random drug testing line on December 21, 26, and 31, 2020; January 1, 4, 10, and 29; February 13, 15, 25, and 27; March 16 and 29; and April 28, 2021. On March 15, 2021, Defendant was instructed to provide a urine specimen but failed to do so, resulting in a documented "stall." On June 7, 2021, Defendant failed to report to U.S. Probation Office in Plano, Texas, for a scheduled urine screen, as part of the U.S. Probation Office's random drug program [Dkt. 2 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 through 5 of the Petition. Having considered the Petition and the plea of true to allegations 1 through 5, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 15].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for a term of eight (8) months, with a term of supervised release of twenty-four (24) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information; (2) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treatment physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (4) Any fine/restitution amount that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of at least 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If you receive an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) you must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed; and (5) The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 10th day of August, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE